IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Terez Montavious Pippins | Criminal Action No.<br><br>1:23-CR-00125-MHC-RGV |

**Preliminary Response to Defendant Broderick Williams' Motions to Suppress**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Teresa M. Stolze, Assistant United States Attorney for the Northern District of Georgia, files this Preliminary Response regarding standing to Defendant Terez Montavious Pippins' Motions to Suppress.

**I.      Factual Background**

In 2019, the Drug Enforcement Administration ("DEA") began a long-term investigation of the Paper Gang Family ("PGF") and the drug trafficking activities of its members and associates, including this Defendant, Terez Montavious Pippins.  During said investigation, on or about January 26, 2023, agents obtained a search warrant for an iCloud account believed to be used by Defendant Pippins. On or about February 21, 2023, Defendant Pippins was traffic stopped driving a Nissan Altima for a window tint violation. After a positive K-9 alert on the vehicle, the vehicle was searched, and officers located controlled substances inside the car. After agents located the drugs inside the vehicle, Defendant Pippins consented to the search of (what the government believes to

1

be) his residence at 4682 Derby Loop, Fairburn, Georgia as well as to a Black Chevrolet SS that was parked in the driveway. Additional evidence was seized, including several cell phones. On April 19, 2023, Defendant was indicted along with others for conspiracy to posses with intent to distribute controlled substances. (Doc. 1.) On or about November 29, 2023, Defendant filed a multitude of motions to suppress, including:

1. Motion to suppress the search and seizure of Defendant's vehicle/evidence collected as a result of the traffic stop, (Doc. 373);
    - Notice of standing filed December 18, 2023 (Doc. 411);
2. Motion to Suppress the search of the residence at 4682 Derby Loop, (Doc. 376);
    - Notice of standing filed December 18, 2023 (Doc. 411);
3. Motion to Suppress Pole Camera Evidence, (Doc. 377);
4. Motion to Suppress evidence obtained as a result of an automated license plate reader, (Doc. 380);
5. Motion to Suppress evidence seized from an iCloud Account, (Doc. 383);
    - Perfected Motion to Suppress Evidence seized from iCloud filed January 1, 2024, (Doc. 425).
6. Motion to Suppress Evidence obtained from a vehicle tracking device, (Doc. 384);

- Perfected Motion to Suppress Evidence obtained from Vehicle Tracking devices, filed January 1, 2024, (Doc. 426); and

7. Motion to Suppress Cell Phone Evidence, (Doc. 385)
    - Perfected Motion to Suppress Cell phone Evidence filed January 1, 2024, (Doc. 424).

(Collectively, "the Motions"). After the government made an oral objection to standing as to all Motions at the December 4, 2023, pretrial conference, the Court allowed Defendant until December 18, 2023, as to Docs. 373, 376, 377, and 380 and until January 4, 2023, as to Docs. 383, 384, and 385 to supplement and prefect all Motions as to standing. (Doc. 406). The Court's order also made clear that if any defendant failed to perfect any motion as ordered at the pretrial conference, the motion will be deemed to be abandoned and withdrawn. (*Id.*)

## II. <u>Legal Authority as to Standing</u>

### A. Justice Requires That Only Those Whose Personal Rights Were Allegedly Violated May Seek to Suppress a Search

The Fourth Amendment protects individuals' rights to be secure in their houses and personal effects against unreasonable intrusion by the government. U.S. Const. amend. IV; *see also Stone v. Powell*, 428 U.S. 465, 482 (1976). In order to ensure the protections of the Fourth Amendment are maintained, the Supreme Court has conferred upon certain defendants a right to exclude evidence seized in violation of the Fourth Amendment during a criminal trial. *See Simmons v. United States*, 390 U.S. 377, 389 (1968). However, this remedy — commonly known as the

exclusionary rule— is not itself a constitutional right. *Stone*, 428 U.S. at 486 (Fourth Amendment does not itself mandate that illegally seized evidence be excluded from trial). Indeed, the exclusionary rule is not a remedy at all. *See id*. (exclusionary rule "is not calculated to redress the injury to the privacy of the victim of the search or seizure"). Because the harm in an unlawful search is fully accomplished at the time of the search,"the exclusionary rule is neither intended nor able to 'cure the invasion of the defendant's rights which he has already suffered.'" *United States v. Leon*, 468 U.S. 897, 906 (1984) (*quoting Stone*, 428 U.S. at 540 (White, J., dissenting)); *see also Simmons*, 390 U.S. 484-86. Rather, the exclusionary rule is a judicially created device designed to prevent future violations of the Fourth Amendment by deterring the government from disregarding the Amendment's protections. *See Stone*, 428 U.S. at 484-86 (noting that justification for exclusionary rule is to deter police misconduct).[1]

However, in crafting the exclusionary rule, the Supreme Court recognized that its enforcement comes at the price of "the truth-finding functions of judge and jury." *Leon*, 468 U.S. at 907 (*quoting United States v. Payner*, 447 U.S. 727, 734 (1980)). Specifically,

---

[1] As the *Stone* Court stated:
> "The rule is calculated to prevent, not repair. Its purpose is to deter to compel respect for the constitutional guaranty in the only effectively available way by removing the incentive to disregard it."

428 U.S. at 484 (quoting *Elkins v. United States*, 364 U.S. 206, 217 (1960)).

> [e]ach time the exclusionary rule is applied it exacts a substantial social cost for the vindication of Fourth Amendment rights. Relevant and reliable evidence is kept from the trier of fact and the search for truth at trial is deflected.

*Rakas v. Illinois*, 439 U.S. 128, 137 (1978). The price is heavy because evidence seized in violation of the Fourth Amendment is not rendered untrustworthy simply because of the illegality of its seizure. *Stone*, 428 U.S. at 490 (quoting *Kaufman v. United States*, 394 U.S. 217, 237 (1969) (Black, J., dissenting)). On the contrary, the evidence sought to be suppressed is "typically reliable and often the most probative information bearing on the guilt or innocence of the defendant." *Id*. By suppressing this probative evidence, the exclusionary rule "encroach[es] upon the public interest in prosecuting those accused of crime and having them acquitted or convicted on the basis of all the evidence which exposes the truth." *Alderman v. United States,* 394 U.S. 165, 175 (1968); *see also Stone*, 428 U.S. at 490 (noting that application of the exclusionary rule "deflects the truth finding process and often frees the guilty"). It may further insult the concept of justice when the disparity between "the error committed by the police officer and the windfall afforded a guilty defendant" is great. *Stone*, 428 U.S. at 490. Thus, an indiscriminate application of the exclusionary rule actually has the potential of "generating disrespect for the law and the administration of justice." *Stone*, 428 U.S. at 490-41.

To minimize this encroachment on the truth-seeking function of the criminal justice system, the Court has consistently balanced the need to ensure the protections of the Fourth Amendment against the requirement that the truth-

seeking process be maintained. *Stone*, 428 U.S. at 486-87 (restricting exclusionary rule to those areas where its "remedial objectives" are best served) (*quoting United States v. Calandra*, 414 U.S. 338, 348 (1974)). One way the Court has done so is by restricting the group of people who may seek to exclude evidence that was allegedly seized illegally to those who suffered a personal violation of their Fourth Amendment rights. *See, e.g., id*. at 488-89; *see also United States v. Salvucci*, 448 U.S. 83, 88-93 (1980) (overruling previous decision which permitted "automatic standing" in certain cases). The Court has repeatedly rejected requests to expand this group to include others against whom the government intends to introduce the evidence, because the Court was "not convinced that the additional benefits of extending the exclusionary rule to other defendants would justify further encroachment upon the public interest in prosecution those accused of a crime and having them acquitted or convicted on the basis of all of the evidence which exposes the truth." *Alderman*, 394 U.S. at 174-75.

Justice demands that only those whose rights have been violated should be afforded the opportunity to seek to suppress evidence. Because the exclusionary rule extracts such a high price from the integrity of the criminal justice system, and because the government plays a unique role as a party whose goal is not to win the case, but to see that justice is done, *see Berger v. United States*, 295 U.S. 78, 88 (1935), the government is duty-bound to remain vigilant in ensuring that only those who have been personally aggrieved by a search be permitted to seek to exclude the resulting evidence.

## B. Defendant Bears the Burden of Proving His Rights Were Violated By Competent Evidence

"The Fourth Amendment's prohibition against unreasonable searches and seizures protects an individual in those places where [he] can demonstrate a reasonable expectation of privacy against government intrusion, and only individuals who actually enjoy the reasonable expectation of privacy have standing to challenge the validity of a government search." *United States v. King*, 509 F.3d 1338, 1341 (11th Cir. 2007) (alteration in original) (quotation marks and citations omitted). Fourth Amendment rights are therefore personal and may be asserted only by someone whose rights have been violated. *Rakas*, 439 U.S. at 139-40; *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000). Consequently, before any defendant may object to the admission of evidence against him or her on the ground that it was seized in violation of the Fourth Amendment, that defendant must establish that a "legitimate expectation of privacy" in the place searched or the property seized; this is commonly referred to as "standing." *Id*. Therefore, to challenge a seizure or search as violating the Fourth Amendment, a defendant must have "standing,"[2] i.e., legitimate expectation of privacy in the premises. *See United States v. Gonzalez*, 940 F.2d 1413, 1420 n.8 (11th Cir. 1991).

---

[2] The United States is aware of the Supreme Court's disapproval of the term "standing." *Rakas*, 439 U.S. at 139-40. Nevertheless, for ease of argument, in this response the Government's reference to standing is simply a "shorthand" term for the "existence of a privacy or possessory interest sufficient to assert a Fourth Amendment claim." *United States v. Daniel*, 982 F. 2d 146, 149 n.2 (5th Cir. 1993). See also, privacy in the area searched. *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008); *United States v. Brazel*, 102 F.3d 1120, 1147 (11th Cir. 1997); *United States v. Hawkins*, 681 F.2d 1343, 1344-45 (11th Cir. 1982).

Standing is a "threshold issue" that "must" be addressed in considering a motion to suppress. *United States v. Jackson*, 618 F. App'x 472, 474 (11th Cir. 2015) (citing *United States v. Sneed*, 732 F.2d 886, 888 (11th Cir. 1984)); *United States v. Thompson*, 171 F. App'x 823, 827-28 (11th Cir. Mar. 27, 2006) ("courts must determine whether a defendant has established standing to bring the motion to suppress by sufficiently alleging that he possessed a reasonable expectation of privacy in the area searched."); *United States v. McBean*, 861 F.2d 1570, 1573 (11th Cir. 1988). To have standing, the defendant bears the burden of showing a legitimate expectation of privacy in the area searched. *See, e.g. Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980) (commenting that defendant "bears the burden of proving . . . that he had a legitimate expectation of privacy"); *see also Cooper*, 133 F.3d at 1338 (noting that the "individual challenging the search bears the burdens of proof and persuasion"); *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008); *United States v. Brazel*, 102 F.3d 1120, 1147 (11th Cir. 1997). This burden of *proving* standing therefore lies squarely with the defendant. *Rakas*, 439 U.S. at 130 n.1; *Brazel*, 102 F.3d at 1148 (finding appellant failed to carry burden to show a legitimate expectation of privacy in a residence based upon "uncertainty as to when [he] lived there").

Furthermore, because a motion to suppress must meet threshold pleading requirements before a Court is required to address the merits of the motion, allegations of standing alone will not suffice to obtain an evidentiary hearing or the suppression of evidence. A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to

8

conclude that a substantial claim is presented. *United States v. Smith*, 546 F.2d 1275 (5th Cir.1977); *United States v. Poe*, 462 F.2d 195, 197 (5th Cir.1972), cert. denied, 414 U.S. 845, 94 S. Ct. 107, 38 L.Ed.2d 83 (1973). In short, the motion must allege facts which, if proven, would provide a basis for relief. A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture, and the court has discretion in determining the need for a hearing. *United States v. Harrelson*, 705 F.2d 733 (5th Cir. 1983). Once a defendant has failed to make a proper pretrial request for suppression, the opportunity is waived unless the district court grants relief for good cause shown. *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985); *Sneed*, 732 F.2d at 886 (noting that a court may refuse defendant's request for suppression hearing and deny his motion to suppress if defendant fails to allege facts that, if proven, would require relief); *United States v. Villaverde-Leyva*, No. 1:10-CR-035-RWS-AJB, 2010 WL 5579825, at *16 (N.D.Ga. Dec. 9, 2010) (rejecting defendant's request for hearing on motion to suppress and commenting, "a defendant is not entitled to an evidentiary" hearing "on the grounds that 'we'll see what turns up'"); *see also Cooper*, 203 F.3d at 1285 (11th Cir. 2000); *United States V. Aguila-Urbay*, 480 F. App'x 564, 571 (11th Cir. 2012). Absent an adequate proffer of facts that, if shown, would support standing, the Court should not consider the merits of a motion to suppress.

To establish standing, each defendant must show (1) an actual, subjective expectation of privacy in the location; and (2) that the subjective expectation of privacy was one society is prepared to accept as reasonable. *Smith v. Maryland*, 442 U.S. 735, 740 (1979). No bright-line rule exists for determining standing to contest

9

a search. Rather, courts use various factors to assess whether an individual has an expectation of privacy that society is prepared to accept as reasonable, including the intention of the framers of the Fourth Amendment, the individual's use of the location, and the "societal understanding that certain areas deserve the most scrupulous protection from government invasion." *Connor v. Ortega*, 480 U.S. 709, 714 (1987).

A defendant cannot rely on general, conclusory, or vague assertions to establish standing. *Richardson*, 764 F.2d at 1527. Nor is it enough for a defendant simply to promise to prove standing at a hearing. *Cooper*, 203 F.3d at 1285. Instead, even prior to an evidentiary hearing, the defendant must at least allege "definite, specific, detained, and nonconjectural" facts showing standing. *Richardson*, 764 F.2d at 1527. "[O]ffhanded references," such as defendants' claiming a hotel room is "theirs," are insufficient to meet this standard. *Cooper*, 203 F.3d at 1284. Nor may a defendant rely on the government's theory of the case. *Thompson*, 171 F. App'x at 828 (holding that alleged fact that government contended room to be rented by defendant was insufficient to justify a hearing); see also *Singleton*, 987 F.2d at 1449 (holding that defendant could not establish standing simply by relying on government's theory of case). Instead, defendant must set forth definite, specific, and detailed facts sufficient "to enable the court to conclude that a substantial claim is presented." *Richardson*, 764 F.2d at 1527.

There are several methods a defendant may utilize to meet this burden. For one, a defendant may proffer and then testify to facts sufficient to show standing. If a defendant chooses to testify, he is protected with "a form of 'use immunity'"

that precludes the Government from using his testimony in its case-in-chief against them. *See Simmons*, 390 U.S. at 394; *see also Salvucci*, 448 U.S. at 90 (referring to the protection afforded by *Simmons* as "a form of 'use immunity'"). Alternatively, a defendant may choose to set forth the facts by submitting a sworn affidavit containing specific facts. A Defendant can also bring forth witnesses or other evidence.

### III. Motion to Suppress Pole Camera Surveillance (Doc. 377) and Motion to Suppress evidence obtained as a result of an automated license plate reader, (Doc. 380).

Defendant has not yet filed any supplemental responses regarding standing or otherwise as to the Motion to Suppress Pole Camera Evidence (Doc. 377) or Motion to Suppress evidence obtained as a result of an automated license plate reader, (Doc. 380). The undersigned has inquired and now heard from Defendant's attorney that there was a misunderstanding regarding deadlines, and counsel might need more time to perfect standing as to these motions. The government does not waive, concede, or even agree the Defendant could establish standing as to these two motions. Nor has Defendant yet established standing based on the original motions as neither provides any admissible evidence or proof as to standing, which is his burden to do. Therefore, based on the current record, the Court could deny the motions as abandoned. However, given the response of defense counsel, the government also does not object if Defendant requests more time to attempt to perfect these two motions, provided

the Government's response as to standing is likewise extended, and its deadline to respond to the substance of said motions is also likewise extended.

### IV.  Defendant has yet to establish his rights were violated through competent evidence as to the remainder of his Motions to Suppress.

Defendant Pippins was afforded an opportunity to perfect all of his original Motions to suppress to establish standing, (see, Doc. 406), but he has presented no evidence to establish standing in any of searches he seeks to suppress.  Rather, as to each motion, Defendant has merely provided unsworn, vague statements regarding standing through defense counsel.  No evidence such as affidavits, sworn testimony, or relevant documentation has been provided. Such unsworn statements are not proof, and certainly insufficient by themselves to carry the Defendant's burden to establish standing. *United States v. Matthews*, No. 1:19-CR-00221-TWT-RGV, 2020 LEXIS 58032, *7-8, (N.D.Ga. Feb. 21, 2020) (finding a defendant's unsworn assertion that the three cell phones belong to him and that law enforcement believes that he previously used the three cell phones does not establish standing to challenge the search of those phones).   The Defendant's "failure to present any evidence indicating an expectation of privacy in the [vehicle] means that he has not, at least yet, met his baseline burden to show standing to contest the search." *United States v. Jenkins*, 743 Fed. Appx. 636, 2018 WL 3559209, at *9 (6th Cir. 2018) (unpublished) (footnote and citation omitted); *see also United States v. Caymen*, 404 F.3d 1196, 1200 (9th Cir. 2005) (finding defendant failed to "carry[y] his burden of proof to establish an 'acceptable' expectation of privacy in the laptop" where he "did not submit an affidavit or

other evidence supporting his claim that he had honestly purchased and owned the laptop" and while he "did make such a claim to the police during their search of his room, that claim was, of course, unsworn"); *United States v. McCray*, No. 1:15-cr-212-WSD-AJB, 2017 LEXIS 116033, 2017 WL 9472888, at *10 (N.D.Ga. Jun. 15, 2017) (noting that defendant "has the burden and did not provide sufficient information about his relationship to the vehicle" that was searched and seized).

Nor can Defendant rely upon the government's theory of the case to establish standing. *Thompson*, 171 F. App'x at 828 (holding that alleged fact that government contended room to be rented by defendant was insufficient to justify a hearing); see also *Singleton*, 987 F.2d at 1449 (holding that defendant could not establish standing simply by relying on government's theory of case); *United States v. Matthews*, No. 1:19-CR-00221-TWT-RGV, 2020 LEXIS 58032, *7-8, (N.D.Ga. Feb. 21, 2020) (finding that a defendant cannot establish standing to suppress the search of cell phones through an unsworn statement or by relying on the government's allegations).

Further, even if the statements had been sworn or otherwise properly submitted through admissible evidence, all remain "vague, conclusionary, and general assertions." A defendant cannot rely on general, conclusory, or vague assertions to establish standing. *Richardson*, 764 F.2d at 1527.

### A. Defendant's Motion to suppress the search and seizure of Defendant's vehicle/ evidence collected as a result of the traffic stop, (Doc. 373)

In support of this motion, Defendant filed his Notice of Standing (Doc. 411), which states:

> Mr. Pippins admits that he was the driver of the white Nissan Maxima that was stopped by the Georgia State Patrol on February 1, 2023. Mr. Pippins admits he was using the car with the permission of its owner, Collis McGee. … Additional evidence is provided by the police report completed by the Georgia State Patrol (and attached here), which also states that Mr. Pippins was the driver of the vehicle. Finally, Mr. Pippins admits and DEA reports confirm that the vehicle had been parked at Mr. Pippins' Derby Loop residence prior to Mr. Pippins' getting into the car on the day of the stop.

(Doc. 411 at 3).

This unsworn statements/proffer provided by counsel does not establish standing. The statements are unsworn and provided only by counsel. Further, the statement is vague, conclusionary, and provides only general assertions. Defendant has not provided proof he lawfully borrowed the car (such as an affidavit or sworn testimony), nor has he established any proof (such a lease, rental agreement, or vehicle title, as to whom the car lawfully belonged. Without further actual evidence, the Court cannot determine if Defendant had any reasonable expectations of privacy in the vehicle searched. Defendant has therefore not (at least not yet) established standing as to this motion.

Defendant notes in his Notice that the Court may allow Defendant to supplement his evidence of standing as to this motion at the suppression hearing. Should the Court allow further supplementing of the record as to standing, Defendant should be required to provide such proof before the government is required to call any witnesses or provide any evidence or any further briefing, as standing is, and remains, a threshold matter for the Defendant to prove.

### B. Defendant's Motion to Suppress the search of the residence at 4682 Derby Loop, (Doc. 376).

In support of this motion, Defendant filed his Notice of Standing (Doc. 411), which states:

> Mr. Pippins asserts that this is the residence that, at the time of the search, he shared with girlfriend. … Mr. Pippins additionally asserts that he is the registered owner of the black Chevrolet SS (license plate H1044) that was parked in the driveway of his residence and that was searched on the same day as his residence.

(Doc. 411 at 4).

This unsworn statements /proffer provided by counsel does not establish standing. The statements are unsworn and provided only by counsel. Defendant has not provided proof that the Derby Loop residence was his home (such as an affidavit or sworn testimony) or that the Chevrolet SS was registered to him, was leased by him, or owned by him. Without further actual evidence, the Court cannot determine if Defendant had any reasonable expectations of privacy in the residence or vehicle searched. Defendant has therefore not (at least not yet) established standing as to this motion.

Like the search of the Nissan Maxima, Defendant notes in his Notice that the Court may allow Defendant to supplement his evidence of standing as to this motion at the suppression hearing. Should the Court allow further supplementing of the record as to standing, Defendant should be required to provide such proof before the government is required to call any witnesses or provide any evidence or any further briefing, as standing is, and remains, a threshold matter for the Defendant to prove.

### C. Defendant's Motion to Suppress evidence seized from an iCloud Account, (Doc. 383)

In support of this motion, Defendant filed his Perfected Motion to Suppress Evidence Seized from iCloud (Doc. 425), which states:
> Mr. Pippins admits that the iCloud account associated with phone number 770-885-0749 and Apple ID buckhaygood@icloud.com is his account. He is the owner and user of this account.

(Doc. 425 at 2).

This unsworn statements/proffer provided by counsel does not establish standing. The statements are unsworn and provided only by counsel. If sworn to through testimony or by sworn affidavit, the proffered facts may be sufficient to establish standing as to the iCloud account, but Defendant has not yet provided such affidavit or testimony. Without further actual evidence, the Court cannot determine if Defendant had any reasonable expectations of privacy in the iCloud account searched. Defendant has therefore not (at least not yet) established standing as to this motion.

### D. Motion to Suppress Evidence obtained from a vehicle tracking device, (Doc. 384)

In support of this motion, Defendant filed his Perfected Motion to Suppress Evidence Seized from Vehicle Tracking Devices (Doc. 426), which states:
> Mr. Pippins has standing to challenge the evidence obtained from these trackers because he is the registered owner of both vehicles. He also had a possessory interest in both vehicles on the day they were installed and throughout he monitoring period.

(Doc. 426 at 2).

Again, this unsworn statements /proffer provided by counsel does not establish standing. The statements are unsworn and provided only by counsel. If sworn to through testimony or by sworn affidavit, the proffered facts may be sufficient to establish standing as to the vehicles described in this motion, but Defendant has not yet provided such affidavit or testimony. For instance, Defendant has not yet provided any documentation or affidavit to establish he is, in fact, the registered owner of the vehicles. Without further actual evidence, the Court cannot determine if Defendant had any reasonable expectations of privacy in the relevant vehicles. Defendant has therefore not (at least not yet) established standing as to this motion.

### E. Motion to Suppress Cell Phone Evidence, (Doc. 385)

In support of this motion, Defendant filed his Perfected Motion to Suppress Cell Phone Evidence (Doc. 424), which states:

> Officers seized two cell phones from Mr. Pippins on the day of his arrest, a blue iPhone (Exhibit N-83) and iPhone 7 in a black case (Exhibit N-84). Mr. Pippins asserts that he is the owner and user of these phones.

(Doc. 424 at 2).

Again, this unsworn statements /proffer provided by counsel does not establish standing. The statements are unsworn and provided only by counsel. If sworn to through testimony or by sworn affidavit, the proffered facts may be sufficient to establish standing as to the phones described in this motion, but Defendant has not yet provided such affidavit or testimony. For instance, Defendant has not yet provided any documentation or affidavit to establish he is, the owner and user of said phones. Without further actual evidence, the Court

17

cannot determine if Defendant had any reasonable expectations of privacy in the relevant phones. Defendant has therefore not (at least not yet) established standing as to this motion.

In short, general, unsworn assertions made by counsel are insufficient proof to establish standing. Nor can they be vague, conclusionary, and offer no proof of the facts they strive to establish. Defendant has therefore not carried his burden to establish standing as to any of the above motions and the Court can, and should, deny these motions to suppress (Docs. 373, 376, 383, and 384) on said grounds. Alternatively, should the Court determine Defendant will be given further opportunities to establish standing such as at a suppression hearing, rather than deny the motions at this point, Defendant should be required to provide such proof before the government is required to call any witnesses or provide any evidence or any further briefing, as standing is, and remains, a threshold matter for the Defendant to prove.

## Conclusion

Defendant's Motions to suppress the search and seizure of Defendant's vehicle/ evidence collected as a result of the traffic stop, Motion to Suppress the search of the residence at 4682 Derby Loop, Motion to Suppress evidence seized from an iCloud Account, Motion to Suppress Evidence obtained from a vehicle tracking device, and Motion to Suppress Cell Phone Evidence (Docs. 373, 376, 383, and 384) should be denied because Defendant has failed to establish standing as to each motion, or, alternatively, the Court should require standing be established before any evidentiary hearing and/or before the government is

required to present any evidence or further briefing. Although standing also has not yet been established for the Motion to Suppress Pole Camera evidence and evidence obtained from an automated license plate reader (Docs. 377 and 380), the government does not object to a continuance for Defendant to perfect said motions, provided the government' corresponding deadlines are also moved.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/TERESA M. STOLZE
*Assistant United States Attorney*
Georgia Bar No. 151873
Teresa.stolze@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

   Saraliene Durrett, Counsel for Defendant Broderick Williams

January 12, 2024

                         /s/ Teresa M. Stolze
                         Teresa M. Stolze
                         *Assistant United States Attorney*